UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DARNELL MASTERSON, | |
| Plaintiff, | |
| v. | Case No. 1:23-CV-378-GSL-SLC |
| INTERNATIONAL LEADERSHIP SCHOOL, et al., | |
| Defendants. | |

## OPINION AND ORDER

This matter is before the Court on Defendant's Partial Motion to Dismiss. [DE 16]. For the following reasons, the Court GRANTS Defendant's motion.

### A. Factual Background

In July 2021, Defendant International Leadership School ("ILS") hired Plaintiff as a bus driver. [DE 5, ¶ 1]. However, Plaintiff alleges that he was relegated to performing janitorial and maintenance jobs instead. [*Id.* at ¶ 4]. Shortly after, on August 16, 2021, Plaintiff was fired for failing a criminal background check. [*Id.* at ¶ 5]. Plaintiff argues that failing the background check was just pretext for his dismissal. [DE 24, page 5]. Instead, he alleges that his race and religion were the real reasons for his dismissal and for the change of his job responsibilities. [*Id.*]; [DE 5, ¶ 4]. Also, Plaintiff alleges that Defendant ILS and Defendant Abashaar—principal of ILS—improperly ran the criminal background check because Plaintiff never provided consent. [*Id.* at ¶ 5].

### B. Procedural History

On August 16, 2023, Plaintiff filed the instant action. [DE 5]. He brings five causes of action: 1) breach of contract, 2) discrimination at work based on race, gender, and religion, 3)

violation of the Fair Credit Reporting Act ("FCRA"), 4) discriminatory dismissal based on race and religion, and 5) violation of Section 7 of the Privacy Act of 1974. [*Id.*]. Defendant seeks to dismiss causes of action 1 and 5 under Rule 12(b)(6) for failing to state a claim. [DE 16]. Defendant also seeks to dismiss causes of action 2 and 4 under Rule 12(b)(1) because Plaintiff failed to exhaust his administrative remedies, and, therefore, argues that this Court lacks subject matter jurisdiction. [*Id.*].

### C. Legal Standard

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint and not the merits of the suit. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a Rule 12(b)(6) motion, a pleading must contain sufficient facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "When examining a motion to dismiss, [a court] will accept as true all well-pleaded facts in the complaint and draw reasonable inferences in favor of the plaintiff." *Kap Holdings, LLC v. Mar-Cone Appliance Parts Co.*, 55 F.4th 517, 523 (7th Cir. 2022) (citation omitted). "But legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth." *Id.* (quoting *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011)).

Parties may also seek to dismiss claims over which the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A factual challenge to subject matter jurisdiction contends that there is *in fact* no subject matter jurisdiction, even if the pleadings are formally sufficient.

*Silha v. ACT, Inc.*, 807 F.3d 169, 174 (7th Cir. 2015). "In reviewing a factual challenge, the court may look beyond the pleadings and view any evidence submitted to determine if subject matter jurisdiction exists." *Id.* (internal citation omitted). Since a factual challenge to subject matter jurisdiction involves the court's "very power to hear the case . . . . [N]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 444 (7th Cir. 2009) (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir.1977)).

**D.  Discussion**

Plaintiff filed this suit *pro se* and has represented himself throughout the entire litigation. "A trial court is obligated to liberally construe a *pro se* plaintiff's pleadings*." Parker v. Four Seasons Hotels*, Ltd., 845 F.3d 807, 811 (7th Cir. 2017) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). As such, this Court will address any cogent arguments that are discernible from Plaintiff's Complaint and subsequent briefings. *See id.* However, the Court "must do so while keeping in mind the purpose of the federal pleading system is to provide notice of all claims." *McCready v. eBay, Inc.*, 453 F.3d 882, 890 (7th Cir. 2006); *see* Fed. R. Civ. P. 8.

**a.  Breach of Contract (Cause of Action 1)**

In Indiana, to succeed on a breach of contract claim, "a plaintiff must prove that: (1) a contract existed, (2) the defendant breached the contract, and (3) the plaintiff suffered damage as a result of the defendant's breach." *Cornell v. Help at Home, LLC*, No. 20-CV-86, 2021 WL 1839578, at *3 (N.D. Ind. May 7, 2021) (quoting *Collins v. McKinney*, 871 N.E.2d 363, 370 (Ind. Ct. App. 2007) (granting motion to dismiss because Plaintiff failed to "include any allegations about the formation of those contracts, the terms, or any other specifics . . . ."). Here,

Plaintiff claims Defendants committed "wrong acts and breach of contract", but his Complaint does not identify when a contract was formed, explain the contractual provisions, nor state how he was injured. [DE 5]. In his Response to the instant motion, Plaintiff attaches a text message from him to Defendant Abashaar purporting that "he was promised a job if he fulfilled his obligation to secure his CDL passenger license . . . but that ILS & Abashar [sic] failed to uphold its [sic] agreement to pay for the licensing program . . . ." [DE 24, page 5]. Notably, this text message was sent from Plaintiff to Defendant Abashaar after Plaintiff had been terminated. Notwithstanding, assuming these facts are true, Plaintiff still failed to allege sufficient facts to suggest a contract existed, how Defendants breached it, and how Plaintiff was injured. Therefore, Plaintiff has failed to make a statement of any legal claim showing that he is entitled to relief for this cause of action.

### b. Privacy Law Claim (Cause of Action 5)

Plaintiff claims that Defendants violated Section 7 of the Privacy Act of 1974 because Defendant allegedly terminated him, in part, because Plaintiff did not disclose his social security number. [DE 5]. Section 7 applies to federal, state, and local agencies—not private individuals or organizations. *See Gonzalez v. Vill. of W. Milwaukee*, 671 F.3d 649, 662 (7th Cir. 2012). Neither of the Defendants can be sued under this statute. Plaintiff does not provide any arguments to support this cause of action in his Complaint [DE 5] nor in his Response to the instant motion [DE 24]. Therefore, this cause of action also fails to state a legal claim showing that Plaintiff is entitled to relief.

### c. Discrimination Claims (Causes of Action 2 and 4)

A plaintiff suing an employer under Title VII must first exhaust the available administrative remedies before he can file suit, starting with filing a charge with the US. Equal

Employment Opportunity Commission ("EEOC"). *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47 (1974); *Fort Bend Cnty., Texas v. Davis*, 587 U.S. 541, 544 (2019); *see Brown v. Brickyard Healthcare Fountainview Care Ctr.*, No. 23-cv-1020, 2024 WL 3470563, at *2 (N.D. Ind. July 17, 2024) (dismissing Title VII claims because plaintiff did not include a right-to-sue letter from the EEOC with her action). Here, Plaintiff does not argue that he filed a charge with the EEOC, received a right-to-sue letter, or suggest that he participated in the administrative process in any way. [DE 5]; [DE 24]. Instead in his Response, Plaintiff only argues that he should be excused from exhausting his administrative remedies and cites *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004), which lists certain circumstances when courts may excuse the failure of administrative exhaustion. [DE 24, page 4]. However, this case is inapplicable because the *Gonzalez* court states that it is exercising judicial discretion only because "Congress has not clearly required exhaustion" for the statute in question. *Gonzalez*, 355 F.3d at 1016. In the instant case, Congress clearly requires administrative exhaustion for Title VII cases. *See Fort Bend Cnty.*, 587 U.S. at 544.

If the Court construes Plaintiff's discrimination claims under state law, the result is the same. Indiana law requires that discrimination claims are investigated and prosecuted through an administrative process. Ind. Code Ann. §§ 22-9-1-6, 22-9-1-11 (West). *See Walter v. Wal-Mart Stores Inc.*, No. 09-cv-15, 2011 WL 4537931, at *14 (N.D. Ind. Sept. 28, 2011). The only exception to the administrative exhaustion requirement is if both parties agree in writing to adjudicate the matter in a court of law. Ind. Code Ann. § 22-9-1-16 (West). In this case, Plaintiff has not pursued the administrative process under Indiana law, nor does he allege that any agreement between the parties exists that would allow him to bypass the administrative process. [DE 5]; [DE 24].

Because Plaintiff did not pursue and exhaust the administrative process under federal or state law, his discrimination claims fail.

### d.  Fair Credit Reporting Act ("FCRA") Claim (Cause of Action 3)

Defendant does not seek dismissal of Plaintiff's FCRA claim. [DE 25, page 1]. Therefore, this cause of action remains.

## <u>CONCLUSION</u>

The Court hereby GRANTS Defendant's Partial Motion to Dismiss. [DE 16]. The Court DISMISSES Cause of Action 1, 2, 4, and 5 in Plaintiff's Complaint [DE 5].


SO ORDERED.

ENTERED: July 29, 2024

/s/ GRETCHEN S. LUND
Judge
United States District Court